http://www.va.gov/vetapp16/Files3/1626440.txt

Citation Nr: 1626440 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 13-18 577 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Entitlement to a compensable evaluation for hypertension.

REPRESENTATION

Appellant represented by: Texas Veterans Commission

ATTORNEY FOR THE BOARD

Tahirih S. Samadani, Counsel

INTRODUCTION

The Veteran had active service from June 1966 to February 1970.

This matter comes before the Board of Veterans' Appeals (Board) from an August 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

The Board notes that in Rice v. Shinseki, 22 Vet. App. 447 (2009), the Court of Appeals for Veterans Claims (Court) held that a claim for a TDIU due to service-connected disability is part and parcel of an increased rating claim for that disability when raised by the record. The Veteran has not alleged that he cannot obtain gainful employment due to his service-connected hypertension. The Board concludes that the Veteran has not raised the issue of TDIU and the issue of TDIU is not before the Board at this time.

The Veteran's claims file is a "paperless" claims file. All records in the Veteran's case are maintained in Virtual VA and Veterans Benefits Management System (VBMS).

The Board acknowledges that service treatment records and military personnel records were associated with the claims file after issuance of the September 2015 supplemental statement of the case. These documents are either duplicative or not relevant to the current issue before the Board. Therefore, issuance of a new supplemental statement of the case is not needed.

When this case was before the Board in April 2015, it was remanded for further development. It is now before the Board for further appellate action.

FINDINGS OF FACT

Throughout the rating period, the Veteran's hypertension has required medication for control; and has been manifested by diastolic blood pressure of predominantly below 100 , and by systolic pressure predominantly below 160.

CONCLUSION OF LAW

The criteria for a compensable disability rating for hypertension are not met or nearly approximated. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.7, 4.104, Diagnostic Code 7101 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

Duties to Assist and Notify

VA's duty to notify was satisfied by a letter in October 2010. See 38 U.S.C.A. §§ 5102, 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2015); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

The Board finds that there was substantial compliance with the April 2015 Board remand directives.

Entitlement to an initial compensable evaluation for hypertension

Service connection has been established for hypertension. The Veteran's hypertension is found to be noncompensable under Diagnostic Code 7101.
Disability evaluations are determined by comparing a Veteran's present symptomatology with criteria set forth in VA's Schedule for Rating Disabilities, which is based on average impairment in earning capacity. 38 U.S.C.A. § 1155; 38 C.F.R. Part 4. When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. 

In view of the number of atypical instances it is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability therefrom, and above all, coordination of rating with impairment of function will, however, be expected in all instances. 38 C.F.R. § 4.21 (2015).

After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 U.S.C.A. § 5107(b) (West 2014); 38 C.F.R. § 4.3 (2015).

In cases in which a claim for a higher initial evaluation stems from an initial grant of service connection for the disability at issue, as here, multiple ("staged") ratings may be assigned for different periods of time during the pendency of the appeal. See generally Fenderson v. West, 12 Vet. App. 119 (1999). 

Pursuant to Diagnostic Code 7101, a 10 percent rating is assigned for essential hypertension when diastolic pressure is predominantly 100 or more, or; systolic pressure is predominantly 160 or more, or; as a minimum evaluation for an individual with a history of diastolic pressure predominantly 100 or more who requires continuous medication for control. A 20 percent rating is assigned for diastolic pressure that is predominantly 110 or more, or; systolic pressure that is predominantly 200 or more. A 40 percent rating is assigned for diastolic pressure that is predominantly 120 or more. A 60 percent rating is assigned where diastolic pressure is predominantly 130 or more. 38 C.F.R. § 4.104, Diagnostic Code 7101.

Note (1) following Diagnostic Code 7101 provides that the term "hypertension" means the diastolic blood pressure is predominantly 90 millimeters or greater, and isolated systolic hypertension means that the systolic blood pressure is predominantly 160 millimeters or greater with a diastolic blood pressure of less than 90 millimeters. Note (2) provides that hypertension due to aortic insufficiency or hyperthyroidism, which is usually the isolated systolic type, is to be evaluated as part of the condition causing it, rather than by a separate evaluation. Note (3) provides that hypertension is to be evaluated separately from hypertensive heart disease and other types of heart disease. 38 C.F.R. § 4.104, Diagnostic Code 7101, Notes.

The Veteran appears to have been diagnosed with hypertension in either 2007 or 2010, and he continues to take medications for blood pressure control. See November 2010 VA examination report and June 2015 VA examination report. 

In November 2010, the Veteran was afforded a VA examination. A diagnosis of hypertension was noted. His blood pressure was 156/86.

The Veteran has submitted hundreds of private treatment records showing blood pressure readings throughout the appeal period.

In June 2015, the Veteran was afforded a VA examination for hypertension. The examiner noted that the Veteran took Irbesartan for his hypertension. The examiner noted that the Veteran did not have a history of diastolic blood pressure elevation to predominantly 100 or more. At the time of the examination, his blood pressure readings were: 134/87, 139/85, and 140/86. The examiner noted that the Veteran did not have any other complications, conditions, signs or symptoms related to the condition. The examiner opined that the Veteran's hypertension did not impact his ability to work and that the Veteran worked part-time as an attorney. The examiner found that the diagnosis was moderate hypertension and not systolic hypertension isolated. The examiner noted that diastolic blood pressure was predominantly more than 130 mm of HG and that his hypertension was currently under control with medication. Earlier in the examination, the examiner noted that the Veteran did not have a history of diastolic blood pressure elevation to predominantly 100 or more. After reviewing the claims file and the examination report itself, it appears that the examiner intended to report that the systolic blood pressure and not the diastolic blood pressure was predominantly more than 130 mm. The claims file and the examination report do not show any evidence that the Veteran's diastolic blood pressure was predominantly more than 130 mm. The Board finds that the examination is adequate. Although the examiner made a typographical error at the end of the examination, the examiner had already noted earlier in the examination that the Veteran did not have a history of diastolic blood pressure elevation to predominantly 100 or more. The earlier notation in the examination which notes no history of diastolic blood pressure elevation predominantly 100 or more is also reflected in the blood pressure readings included in the multiple treatment records associated with the claims file. Accordingly, the Board is not advancing a "medical conclusion" when it determines here that a typographical error has occurred in the examination report, but instead the Board as the finder of fact is evaluating the evidence. As this was a factual, and not medical, determination, there is no Colvin violation. Colvin, 1 Vet. App. at 175.

In this case, the Veteran takes continuous medication for his hypertension, but the evidence does not show that he has predominantly had systolic readings of more than 160 or diastolic readings predominantly of more than 100. Systolic readings range from 101 to 166, with the readings predominantly in the 130s and 140s. Besides the one systolic reading of 166 in November 2009 (just prior to filing his claim), there are no other systolic readings more than 160 during the appeal period. Diastolic readings range from 65 to 94, with the readings predominantly in the 60's and 70's. There are no diastolic readings more than 100 during the appeal period. 

As such, the criteria for a compensable evaluation for the Veteran's hypertension have not been met. 

Finally, an extraschedular evaluation is for consideration where a service-connected disability presents an exceptional or unusual disability picture with marked interference with employment or frequent periods of hospitalization that render impractical the application of the regular schedular standards. Floyd v. Brown, 9 Vet. App. 88, 94 (1996). An exceptional or unusual disability picture occurs where the diagnostic criteria do not reasonably describe or contemplate the severity and symptomatology of the Veteran's service-connected disability. See Thun v. Peake, 22 Vet. App. 111, 115 (2008). If there is an exceptional or unusual disability picture, then the Board must consider whether the disability picture exhibits other factors such as marked interference with employment and frequent periods of hospitalization. Id. at 115-116. When those two elements are met, the appeal must be referred for consideration of the assignment of an extraschedular rating. Otherwise, the schedular evaluation is adequate, and referral is not required. 38 C.F.R. § 3.321(b)(1); Thun, 22 Vet. App. at 116. 

The Board finds that the schedular evaluation assigned for the Veteran's service-connected hypertension is adequate in this case. Specifically, the diagnostic criteria adequately describe the severity and symptomatology of the Veteran's service-connected hypertension as it considers whether the Veteran is taking medication for his hypertension and it considers systolic and diastolic readings. Therefore, the Board finds that the criteria for submission for assignment of an extraschedular rating pursuant to 38 C.F.R. § 3.321(b)(1) are not met. See Bagwell v. Brown, 9 Vet. App. 337 (1996); Shipwash v. Brown, 8 Vet. App. 218, 227 (1995).

Finally, the Board notes that a Veteran may be awarded an extraschedular rating based upon the combined effect of multiple conditions in an exceptional circumstance where the evaluation of the individual conditions fails to capture all the service-connected disabilities experienced. Johnson v. McDonald, 762 F.3d 1362 (2014). In this case, the Veteran is service-connected for diabetes mellitus, tinnitus, bilateral hearing loss and hypertension. A 20 percent evaluation assigned for diabetes mellitus and a 10 percent for tinnitus. Bilateral hearing loss and hypertension are both found to be noncompensable. The Veteran has at no point indicated that he believes the assigned schedular ratings to be inadequate or that the schedular criteria do not adequately describe or reflect his symptomatology. Further, the Veteran has at no point during the current appeal indicated that his service-connected diabetes, tinnitus or bilateral hearing loss result in further disability when looked at in combination with his service-connected hypertension. Therefore, the Board finds that the schedular criteria adequately describe the Veteran's disabilities. Accordingly, this is not an exceptional circumstance in which extraschedular consideration may be required to compensate the Veteran for a disability that can be attributed only to the combined effect of multiple conditions.

For the foregoing reasons, the Board finds that, throughout the rating period, the preponderance of the evidence is against an initial compensable disability rating for hypertension.

ORDER

Entitlement to an initial compensable evaluation for hypertension is denied.

____________________________________________
K. J. Alibrando
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs